KEKER, VAN NEST & PETERS LLP
RACHAEL E. MENY - # 178514
rmeny@keker.com
R. JAMES SLAUGHTER - # 192813
rslaughter@keker.com
EUGENE M. PAIGE - # 202849
epaige@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
IAN KANIG - # 295623
ikanig@keker.com
JASON GEORGE - # 307707
jgeorge@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant LYFT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN ROGERS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LYFT, INC.,<br><br>Defendant. | Case No. CaseNumber<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT LYFT, INC.**<br><br>Removal from the Superior Court of San Francisco County, Case No. CGC-20-583685, Filed March 12, 2020<br><br>Removed Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)<br><br>DATE REMOVED: March 19, 2020 |

1376098.v2

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF JOHN ROGERS AND HIS COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1332 and 1711, Defendant Lyft, Inc. ("Lyft") hereby removes the above-captioned state court action, originally filed as Case No. CGC-20-583685 in the San Francisco County Superior Court, State of California, to the United States District Court for the Northern District of California. In so removing, Lyft reserves all defenses and rights. Removal is proper on the following grounds:

## I.      REMOVAL IS TIMELY

1.      On March 12, 2020, Plaintiff John Rogers filed a complaint on behalf of a putative class against Lyft in San Francisco County Superior Court. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Superior Court Civil Case Cover Sheet, Superior Court Notice to Plaintiff, Preliminary Injunction Motion, and Superior Court Docket Sheet are attached as Exhibits A–G respectively.

2.      Plaintiff has not yet served Lyft with the Complaint. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed no later than 30 days after service. *See Murphy Bros. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347 (1999); *Novak v. Bank of New York Mellon Trust Co., NA*., 783 F.3d 910, 911 (1st Cir. 2015) ("service is generally not a prerequisite for removal and . . . a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends").

## II.      SUMMARY OF PLAINTIFF'S COMPLAINT AND GROUNDS FOR REMOVAL

3.      Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Lyft pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4.      CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). Here, Plaintiff alleges that he "brings this case as a class action pursuant to California Code of Civil Procedure § 382 on behalf of all Lyft drivers who work for Lyft in California." Ex. A ("Compl.") ¶ 12. On behalf of

this putative class, he asserts that "Lyft has misclassified its drivers . . . as independent contractors in violation of Cal. Labor Code § 2750.3." Id. ¶ 2.  This case is therefore a putative "class action" under CAFA because it was brought under a state statute or rule authorizing an action to be brought by one or more representative persons as a class action. See 28 U.S.C. § 1332(d)(1)(B).

5.      Under CAFA, federal courts have original jurisdiction over class actions where: (1) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; (2) the putative class action contains at least 100 members; and (3) any member of the putative class is a citizen of a state different from that of any defendant.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

6.      Lyft denies any liability as to Plaintiff's individual claims and as to the claims of the putative class members. Lyft expressly reserves all of its rights, including, but not limited to, its right to file motions to compel arbitration and motions challenging the pleadings. However, for purposes of meeting the jurisdictional requirements for removal only, Lyft submits on a good-faith basis that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the Complaint identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire class, exclusive of interest and costs.

**A.     The Putative Class Contains More Than 100 Members**

7.      Plaintiff seeks to represent "all Lyft drivers who work for Lyft in California." Compl. ¶ 12. Lyft disputes Plaintiff's characterization of these individuals as "Lyft drivers who work for Lyft." Drivers use the Lyft app but do not "work for Lyft." But interpreting Plaintiff's class definition as drivers who use the Lyft app in California, Lyft has a good faith basis to believe, and on that basis avers, that more than 100 persons use the Lyft app to find customers looking for rides and drive those customers within California. Indeed, the Lyft platform has been used by hundreds of thousands of drivers in California during the putative class period.

1376098.v2

**B.      The Amount in Controversy Exceed $5 Million**

8.      Plaintiff seeks "compensatory damages" based on Lyft's alleged "fail[ure] to offer its drivers paid sick days as required by California law." Compl. ¶ 33, Prayer for Relief. Plaintiff alleges that Lyft is required to "allow employees to accrue sick days at the rate of not less than one hour for every thirty hours worked after working for the employer for 30 days within a year from the start of their employment." Compl. ¶ 30. Lyft denies any liability in this case and intends to vigorously oppose liability and class certification—and Lyft expressly reserves all of its rights to do so. *See Dart Cherokee Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). However, for purposes of the jurisdictional requirements for removal only, Lyft has a good faith basis to believe, and on that basis avers, that the allegations in Plaintiff's Complaint put well over $5 million in controversy, exclusive of interest and costs.  Lyft is one of the most widely-used rideshare platforms in California, and has been used by hundreds of thousands of drivers in California, who have driven millions of hours during the three-year limitations period for claims based on alleged statutory liability.  *See* 28 U.S.C. § 1332(d)(6) (claims of individual class members set forth in the Complaint are "aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000"); Cal. Code Civ. Proc. § 338 (three-year limitations period).

9.      Plaintiff also alleges that putative class members are entitled to attorneys' fees, which would add to this amount. Under Ninth Circuit precedent, the benchmark commonly used for the award of attorneys' fees is 25% of the common fund.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Jasso v. Money Mart Express, Inc*., No. 11-CV-5500, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012). Lyft denies that any such attorneys' fees are owed to Plaintiff or the putative class and reserve the right to contest the application of the 25% benchmark in this case. For purposes of this jurisdictional analysis only, Lyft relies on Plaintiff's allegations that attorneys' fees are owed. Applying the 25% benchmark to the allegations in the Complaint, Plaintiff's request for attorneys' fees is a further reason the amount in controversy meets the removal threshold.

1376098.v2

10.     For the foregoing reasons, this action meets the jurisdictional minimum amount in controversy.  *See Ibarra v. Manheim Invs., Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015) (*quoting Dart Cherokee*, 135 S. Ct. at 554) ("'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions.").

### C.     The Class Includes Numerous Non-California Citizens

11.     The minimum diversity of citizenship criterion under CAFA is met if the plaintiff or "any member" of the putative class "is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

12.     Here, the putative class includes individuals who are citizens of other states. Plaintiff seeks to represent a class of "Lyft drivers who work for Lyft in California." Compl. ¶ 12. Because Plaintiff's proposed class "cover[s] all California [drivers], and not just [drivers] who were California citizens," there are many non-California citizens in the proposed classes. *Broadway Grill, Inc. v. Visa Inc*., 856 F.3d 1274, 1279 (9th Cir. 2017) (class of "California individuals, businesses and other entities" was removable because it covered more than "California citizens"). Plaintiff's proposed class of drivers who have used the Lyft Platform in California necessarily includes many individuals who are not citizens of this State, such as "college students from other states," *In re Sprint Nextel Corp*., 593 F.3d 669, 673 (7th Cir. 2010); *accord, e.g., Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017); those who stay only seasonally; on-demand workers whose permanent citizenship is outside of California; and drivers who live in, and are citizens of, Nevada and drive in California around the Lake Tahoe area. "Since many [California drivers] are not citizens of California," *Broadway Grill*, 856 F.3d at 1276, the minimum diversity requirement is met.

### D.     Plaintiff Will Not be able to Establish Any Exception to CAFA Jurisdiction

13.     Because Lyft has met its "initial burden of establishing federal jurisdiction under § 1332(d)(2)," the case is removable. *Serrano v. 180 Connect, Inc*., 478 F.3d 1018, 1024 (9th Cir. 2007); *see* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original

jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). If Plaintiff eventually seeks remand, he will at that point have the burden of establishing any express statutory exception to CAFA jurisdiction. *Serrano*, 478 F.3d at 1024.

14.     Plaintiff will not be able establish any such exception. *See, e.g., Brinkley v. Monterey Fin. Servs., Inc*., 873 F.3d 1118, 1121 (9th Cir. 2017) (plaintiff failed to show applicability of home-state exception where class definition was based on physical location in California and Washington); *Hargett*, 854 F.3d at 966 ("[M]erely alleging a proposed class of [in-state] residents" is not "sufficient to satisfy" the home-state exception); *Sprint*, 593 F.3d at 673-75 (plaintiff could not "establish by a preponderance of the evidence that two-thirds of their proposed class members are Kansas citizens" merely by defining the class as consisting of in-state residents).

### E.     Intradistrict Assignment

15.     This action is properly removed to the San Francisco Division of this Court because Plaintiff originally filed his Complaint in the Superior Court for the County of San Francisco. *See* N.D. Cal. Civ. L.R. 3-2(c), 3-5(b).

## III.     THE COURT HAS JURISDICTION AND REMOVAL IS PROPER

16.     Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

(a)     this is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

(b)     Plaintiff's putative class, under Plaintiff's allegations, would encompass at least 100 persons as required by § 1332(d)(5)(B);

(c)     the alleged amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and

(d)     a member of the proposed class is a citizen of a state different from any defendant as required by § 1332(d)(2)(A).

Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

1376098.v2

1   Upon filing the Notice of Removal, Lyft will furnish written notice to Plaintiff's counsel and will

2   file and serve a copy of this Notice with the Clerk of the San Francisco County Superior Court,

3   pursuant to 28 U.S.C. § 1446(d).

Dated:  March 19, 2020                     KEKER, VAN NEST & PETERS LLP

By:   */s/ R. James Slaughter*
       RACHAEL E. MENY
       R. JAMES SLAUGHTER
       EUGENE M. PAIGE
       BROOK DOOLEY
       IAN KANIG
       JASON GEORGE

       Attorneys for Defendant LYFT, INC.

NOTICE OF REMOVAL
Case No.

1376098.v2