# Exhibit A

SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
ANNE KRAMER (SBN 315131)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

*Attorneys for Plaintiff John Rogers,*
*on behalf of himself and all other similarly situated*

FILED
San Francisco County Superior Court

MAR 1 2 2020

CLERK OF THE COURT
BY: _____
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JOHN ROGERS, on behalf of himself and all others similarly situated, | Case No. CGC-20-583685 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | 1. FAILURE TO PROVIDE PAID SICK DAYS (CAL. LAB. CODE § 246) |
| LYFT, INC., | |
| Defendant. | |

1

CLASS ACTION COMPLAINT

## I.   INTRODUCTION

1.      This case is brought by John Rogers, who works as a Lyft driver in California. Lyft, Inc. ("Lyft"), is a car service, which engages thousands of drivers across the state of California to transport riders.  Lyft is based in San Francisco, California, and it does business across the United States and extensively throughout California.

2.      As described further below, Lyft has misclassified its drivers including Plaintiff John Rogers, as independent contractors in violation of Cal. Labor Code § 2750.3.  As Lyft does not acknowledge that its drivers are employees, it does not pay them for sick leave as required by California law.

3.      Lyft has harmed drivers like John Rogers by these violations, as drivers struggle to support themselves without the employment protections mandated by the State of California, including paid sick leave.

4.      This harm extends not only to Lyft drivers, but to the public as well, particularly as the international community is now facing a worldwide crisis in the spread of COVID-19 (the "coronavirus").  Today, March 11, 2020, the World Health Organization classified the spread of this virus as a pandemic.[1]  Public health recommendations have recently advised that anyone who feels ill should stay home and not go to work.[2]  However, because Lyft does not acknowledge its drivers as employees and comply with California state law paid sick leave requirements, drivers like John Rogers will feel the need to continue working in order to support themselves, even if they feel ill.

---

[1]     World Health Organization, WHO Director-General's opening remarks at the media briefing on COVID-19 - 11 March 2020, https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020 (last accessed March 11, 2020).

[2]     Centers for Disease Control and Prevention, Stay Home When You Are Sick, https://www.cdc.gov/flu/business/stay-home-when-sick.htm (last accessed March 11, 2020).

5.      Faced with the choice of staying home without pay and risking losing their access to their livelihood, including housing, food, and other necessities of living, Lyft drivers across California will continue working and risk exposing hundreds of riders who enter their car on a weekly basis to this deadly disease.  Thus, Lyft's failure to comply with California law, by misclassifying its drivers as independent contractors, is creating an immediate danger, not only to Lyft drivers, but to the general public as well.

6.      As a result, immediate public injunctive relief should be ordered, requiring Lyft to comply with California law by classifying its drivers as employees and implementing a policy to provide them with paid sick leave as required by law.

**II.     PARTIES**

7.              Plaintiff John Rogers is an adult resident of North Hollywood, California, where he has worked as a Lyft driver since November 2014.

8.      Defendant Lyft, Inc. ("Lyft") is a headquartered in San Francisco, California.

**III.    JURISDICTION**

9.      This Court has jurisdiction over Plaintiff's claims pursuant to California Code of Civil Procedure § 410.10.

10.     The monetary relief which the Plaintiff seek is in excess of the jurisdictional minimum required by this Court and will be established according to proof at trial.

11.     Venue is proper in this Court pursuant to Code of Civ. P. §§ 395 and 395.5 because Lyft is headquartered in San Francisco County.  Furthermore, Lyft engages in business activities in and throughout the State of California, including San Francisco County.

**V.      CLASS ALLEGATIONS**

12.     Plaintiff John Rogers brings this case as a class action pursuant to California Code of Civil Procedure § 382 on behalf of all Lyft drivers who work for Lyft in California.

13.     Plaintiff and other class members are being uniformly deprived of paid sick

leave, as Lyft does not have a policy in place to provide its driver employees with paid sick leave required by California law.

14.     The members of the class are so numerous that joinder of all class members is impracticable.

15.     Common questions of law and fact regarding Lyft's conduct exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

    a.   Whether Lyft drivers are misclassified as independent contractors under California law;

    b.   Whether the work performed by class members—providing driving services to customers—is within Lyft's usual course of business;

    c.   Whether class members are typically engaged in their own businesses or whether they wear the "hat" of Lyft when performing transportation services;

    d.   Whether class members have been required to follow uniform procedures and policies regarding their work for Lyft;

    e.   Whether Lyft has a sick leave policy to provide paid sick leave to its employee drivers as required by California law.

16.     Named Plaintiff John Rogers is a class member who is harmed as a result of Lyft's conduct and actions alleged herein.

17.     The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as the other members of the class.

18.     The named plaintiff will fairly and adequately represent and protect the interests of the class.  The named plaintiff has retained able counsel experienced in class action litigation. The interests of the named plaintiff are coincident with, and not antagonistic to, the interests of the other class members.

4<br>CLASS ACTION COMPLAINT

19.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

20.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, the relief sought here – that Lyft should be ordered to implement a policy to provide paid sick leave to its driver employees in compliance with California law – is relief that would affect a class of drivers.  Also, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## IV.    STATEMENT OF FACTS

21.     Lyft is a San Francisco-based transportation service, which engages drivers across the country, including in the state of California, to transport riders.

22.     Lyft offers customers the ability to order rides via a mobile phone application, which its drivers then carry out.

23.     Plaintiff John Rogers has driven for Lyft since approximately November 2014.

24.     Although Lyft classifies its drivers like John Rogers as "independent contractors," Lyft drivers are actually employees under California law.

25.     Lyft drivers, including Plaintiff Rogers, provide a service in the usual course of Lyft's business because Lyft is a car service that provides transportation to its customers, and drivers such as John Rogers perform that transportation service.  Lyft holds itself out as a transportation service, and it generates its revenue primarily from customers paying for the very rides that its drivers provide. Without drivers to provide rides, Lyft would not exist.

26.     Lyft also requires its drivers, including Plaintiff Rogers, to abide by a litany of policies and rules designed to control the drivers' work performance.  Lyft both retains the right to, and does in fact exercise, control over the drivers' work.

27.     Lyft drivers, including Plaintiff Rogers, are not typically engaged in their own transportation business. When driving Lyft customers, they wear the "hat" of Lyft.

28.     Lyft communicates directly with customers and follows up with drivers if the customer complains that the ride failed to meet their expectations. Based on any customer feedback, Lyft may suspend or terminate drivers at its sole discretion.

29.     Lyft drivers are engaged in interstate commerce. At times, drivers transport passengers across state lines. Furthermore, drivers are engaged in interstate commerce insofar as they transport passengers who are within the flow of interstate commerce; indeed, passengers arrive from, or are traveling to destinations out of state, such as arriving at or leaving train stations or airports.

30.     Lyft is in violation of Cal. Lab. Code § 246 by not maintaining a policy of providing paid sick days to its drivers such as John Rogers.  This provision requires employers to allow employees to accrue sick days at the rate of not less than one hour for every thirty hours worked after working for the employer for 30 days within a year from the start of their employment.

31.     On April 30, 2018, the California Supreme Court issued its decision in <u>Dynamex</u>, which makes clear that Lyft drivers should be classified as employees rather than as independent contractors under California law for purposes of wage-and-hour statutes.  Under the "ABC" test adopted in <u>Dynamex</u>, in order to justify classifying the drivers as independent contractors, Lyft would have to prove that its drivers perform services outside its usual course of business, which it cannot do.  Notwithstanding this decision, Lyft has continued to misclassify its drivers as independent contractors.

32.     Furthermore, the California legislature has now taken steps to clarify and codify the "ABC" test set forth in the <u>Dynamex</u> decision by passing Assembly Bill 5, which has been passed into law by the California legislature and went into effect on January 1, 2020.  The legislature has clearly intended for Lyft to be covered by this statute; indeed, the author of the statute, Assemblywoman Lorena Gonzalez, has made clear that Lyft (and similar "gig economy" companies) would not be exempted from the law.  Although Lyft specifically lobbied to obtain a "carve-out" exemption from the law, it did not receive a carve-out from the legislature.  Lyft is now one of several "gig economy" companies that have pledged at least $90 million to fund a ballot initiative seeking a carve-out for "gig economy" companies from A.B. 5.  Lyft's actions in opposing the law – and its expressed concern that the law would have a major impact on its business -- are an acknowledgement that this law requires it to classify its drivers as employees and provide employees with the protections of the California Labor Code, such as paid sick leave.

**COUNT I**
**Paid Sick Days**
**Violation of Cal. Lab. Code § 246**

33.     Lyft's conduct, as set forth above, in misclassifying its drivers, including John Rogers, as independent contractors, and failing to offer its drivers paid sick days as required by California law, violates Cal. Lab. Code §§ 246 and 2750.3.


WHEREFORE, Plaintiff requests that this Court enter the following relief:

a.  Issue a public injunction requiring Lyft to comply with the California Labor Code by classifying its drivers as employees and, in particular, enacting a policy to provide paid sick leave as required by California law

b.  Declare and find that Lyft violated the Cal. Lab. Code § 246 and 2750.3;

7
CLASS ACTION COMPLAINT

c.  Certify this case as a class action;

d.  Award compensatory damages in an amount according to proof;

e.  Award pre- and post-judgment interest;

f.  Award reasonable attorneys' fees, costs, and expenses;

g.  Any other relief to which Plaintiff and the class may be entitled.


Respectfully submitted,

JOHN ROGERS, on behalf of himself and all others similarly situated,

By his attorneys,


Shannon Liss-Riordan, SBN 310719
Anne Kramer, SBN 315131
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com


Dated:        March 11, 2020

8
CLASS ACTION COMPLAINT