1    SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
2    ANNE KRAMER (SBN 315131)
(akramer@llrlaw.com)
3    LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
4    Boston, MA 02116
Telephone:     (617) 994-5800
5    Facsimile:     (617) 994-5801
6

7    *Attorneys for Plaintiffs John Rogers, Amir*
*Ebadat and Hany Farag, on behalf of*
8    *themselves and all others similarly situated*

9

10                  **UNITED STATES DISTRICT COURT**
11               **NORTHERN DISTRICT OF CALIFORNIA**

12

13    JOHN ROGERS, AMIR EBADAT, and HANY | Case No. 4:20-cv-01938-VC
14    FARAG,
 
15               Plaintiffs, | **FIRST AMENDED CLASS ACTION**
16                  | **COMPLAINT**

            v.

17                                   1.   FAILURE TO PROVIDE PAID SICK
18    LYFT, INC.,                      DAYS (CAL. LAB. CODE § 246)
                                 2.   FAILURE TO REIMBURSE FOR
19               Defendant.             BUSINESS EXPENSES (CAL. LAB.
                                 CODE § 2802)
20                                  3.   MINIMUM WAGE (CAL. LAB.
                                 CODE §§ 1194 AND 1197)
21                                  4.   UNLAWFUL AND/OR UNFAIR
22                                  BUSINESS PRACTICES (CAL. BUS.
                                 & PROF. CODE §§ 17200-17208)
23

24

25

26

27

28                                 1
             FIRST AMENDED CLASS ACTION COMPLAINT

I. **INTRODUCTION**

1.      This case is brought by John Rogers, Amir Ebadat and Hany Farag, who have worked as Lyft drivers in California.  Lyft, Inc. ("Lyft"), is a car service, which engages thousands of drivers across the state of California to transport riders.  Lyft is based in San Francisco, California, and it does business across the United States and extensively throughout California.

2.      As described further below, Lyft has misclassified its drivers including Plaintiffs John Rogers, Amir Ebadat, and Hany Farag, as independent contractors in violation of Cal. Labor Code § 2750.3.  Because of drivers' misclassification as independent contractors, Lyft has unlawfully failed to pay drivers for sick leave in violation of Cal. Lab. Code § 246.  Lyft has also unlawfully required drivers to pay unreimbursed business expenses (including expenses to own or lease a vehicle and maintain and fuel it, as well as phone/data expenses) in violation of Cal. Lab. Code § 2802.  Additionally, Lyft has failed to pay minimum wage for all hours worked in violation of Cal. Lab. Code §§ 1197 and 1194.

3.      Lyft has harmed drivers like John Rogers, Amir Ebadat, and Hany Farag by these violations, as drivers struggle to support themselves without the employment protections mandated by the State of California, such as paid sick leave.

4.      This harm extends not only to Lyft drivers, but to the public as well, particularly as the international community is now facing a worldwide crisis in the spread of COVID-19 (the "coronavirus").  On March 11, 2020, the World Health Organization classified the spread of this virus as a pandemic.[1]  Public health recommendations have recently advised that anyone who

---

[1]      World Health Organization, <u>WHO Director-General's opening remarks at the media briefing on COVID-19 - 11 March 2020</u>, https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020 (last accessed March 11, 2020).

FIRST AMENDED CLASS ACTION COMPLAINT

feels ill should stay home.[2]  However, because Lyft does not acknowledge its drivers as employees and comply with California state law paid sick leave requirements, drivers like John Rogers, Amir Ebadat, and Hany Farag will feel the need to continue working in order to support themselves, even if they feel ill.

5.     Faced with the choice of staying home without pay and risking losing their access to housing, food, and other necessities of living, Lyft drivers across California will continue working and risk exposing hundreds of riders who enter their car on a weekly basis to this deadly disease.  Thus, Lyft's failure to comply with California law is creating an immediate danger, not only to Lyft drivers, but to the general public as well.

6.     As a result, immediate injunctive relief should be ordered, requiring Lyft to comply with California law by classifying its drivers as employees and implementing a policy to provide them with paid sick leave as required by law.

## II.   PARTIES

7.     Plaintiff John Rogers is an adult resident of North Hollywood, California, where he has worked as a Lyft driver since November 2014.

8.     Plaintiff Amir Ebadat is an adult resident of San Jose, California, where he has worked as a Lyft driver since March 2016.

9.     Plaintiff Hany Farag is an adult resident of Downey, California where he has worked as a Lyft driver since approximately July 2015.

10.    Defendant Lyft, Inc. ("Lyft") is headquartered in San Francisco, California.

## III.   JURISDICTION

11.    Although Plaintiff Rogers originally filed this Court in California Superior Court, Lyft removed the case to federal court, based upon the Class Action Fairness Act of 2005

---

[2]     Centers for Disease Control and Prevention, Stay Home When You Are Sick, https://www.cdc.gov/flu/business/stay-home-when-sick.htm (last accessed March 11, 2020).

FIRST AMENDED CLASS ACTION COMPLAINT

("CAFA"), 28 U.S.C. § 1332(d)(2), asserting that the putative plaintiff class includes citizens of California as well as other states and Defendant is a citizen of California; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.  Plaintiffs are not now disputing this assertion of federal jurisdiction.

## V.      CLASS ALLEGATIONS

12.     Plaintiffs John Rogers, Amir Ebadat, and Hany Farag bring this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and on behalf of all Lyft drivers who work for Lyft in California.

13.      Plaintiffs and other class members have uniformly been deprived of paid sick leave.

14.     The members of the class are so numerous that joinder of all class members is impracticable.

15.     Common questions of law and fact regarding Lyft's conduct exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether the work performed by class members—providing driving services to customers—is within Lyft's usual course of business;

b. Whether class members are typically engaged in their own businesses or whether they wear the "hat" of Lyft when performing transportation services;

c. Whether class members have been required to follow uniform procedures and policies regarding their work for Lyft;

d.  Whether these class members have been required to bear the expenses of their employment, such as expenses for maintaining their vehicles and expenses for gas, insurance, phone and data plan.

16.     Named Plaintiffs John Rogers, Amir Ebadat, and Hany Farag are class members who suffered damages as a result of Lyft's conduct and actions alleged herein.

17.     The named plaintiffs' claims are typical of the claims of the class, and the named plaintiffs have the same interests as the other members of the class.

18.     The named plaintiffs will fairly and adequately represent and protect the interests of the class.  The named plaintiffs have retained able counsel experienced in class action litigation.  The interests of the named plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

19.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

20.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## IV.    **STATEMENT OF FACTS**

21.     Lyft is a San Francisco-based transportation service, which engages drivers across the country, including in the state of California, to transport riders.

22.     Lyft offers customers the ability to order rides via a mobile phone application, which its drivers then carry out.

23.     Plaintiff John Rogers has driven for Lyft in California since approximately November 2014.

FIRST AMENDED CLASS ACTION COMPLAINT

24.     Plaintiff Amir Ebadat has driven for Lyft in California since approximately March 2016.

25.     Plaintiff Hany Farag has driven for Lyft in California since approximately July 2015.

26.     Although Lyft classifies its drivers like John Rogers, Amir Ebadat, and Hany Farag as "independent contractors," Lyft drivers are actually employees under California law.

27.     Drivers provide a service in the usual course of Lyft's business because Lyft is a car service that provides transportation to its customers, and drivers such as John Rogers, Amir Ebadat, and Hany Farag perform that transportation service.  Lyft holds itself out as a transportation service, and it generates its revenue primarily from customers paying for the very rides that its drivers perform. Without drivers to perform rides, Lyft would not exist.

28.     Lyft also requires its drivers to abide by a litany of policies and rules designed to control the drivers' work performance.  Lyft both retains the right to, and does in fact exercise, control over the drivers' work.

29.     Lyft drivers are not typically engaged in their own transportation business. When driving Lyft customers, they wear the "hat" of Lyft.

30.     Lyft communicates directly with customers and follows up with drivers if the customer complains that the ride failed to meet their expectations. Based on any customer feedback, Lyft may suspend or terminate drivers at its sole discretion.

31.     Lyft drivers are engaged in interstate commerce. At times, drivers transport passengers across state lines. Furthermore, drivers are engaged in interstate commerce insofar as they transport passengers who are within the flow of interstate commerce; indeed, passengers arrive from, or are traveling to destinations out of state, such as arriving at or leaving train stations or airports.

FIRST AMENDED CLASS ACTION COMPLAINT

32.     Lyft is in violation of Cal. Lab. Code § 246 by not providing paid sick days to its drivers such as John Rogers, Amir Ebadat, and Hany Farag.  This provision requires employers to allow employees to accrue sick days at the rate of not less than one hour for every thirty hours worked after working for the employer for 30 days within a year from the start of their employment.

33.     Lyft does not reimburse drivers for any expenses they may incur while working for Lyft, including, but not limited to the cost of owning or leasing and maintaining their vehicles, gas, insurance, and phone and data expenses for running the Lyft Application.  Drivers incur these costs as a necessary expenditure to work for Lyft, which California law requires employers to reimburse.

34.     Lyft has violated Cal. Lab. Code §§ 1197 and 1194 by failing to ensure that its drivers receive the applicable state minimum wage for all hours worked.

35.     On April 30, 2018, the California Supreme Court issued its decision in Dynamex, which makes clear that Lyft drivers should be classified as employees rather than as independent contractors under California law for purposes of wage-and-hour statutes.  Under the "ABC" test adopted in Dynamex, in order to justify classifying the drivers as independent contractors, Lyft would have to prove that its drivers perform services outside its usual course of business, which it cannot do.  Notwithstanding this decision, Lyft has continued to misclassify its drivers as independent contractors.

36.     Furthermore, the California legislature has now taken steps to clarify and codify the Dynamex decision by passing Assembly Bill 5, which has been passed into law by the California legislature and went into effect on January 1, 2020.  The legislature has clearly intended for Lyft to be covered by this statute; indeed, the author of the statute, Assemblywoman Lorena Gonzalez, has made clear that Lyft (and similar "gig economy" companies) would not be exempted from the law.  Although Lyft specifically lobbied to obtain a "carve-out" exemption

from the law, it did not receive a carve-out from the legislature.  Lyft is now one of several "gig economy" companies that have pledged at least $90 million to fund a ballot initiative seeking a carve-out for "gig economy" companies from A.B. 5.  Lyft's actions in opposing the law – and its expressed concern that the law would have such an impact on its business -- are an acknowledgement that this law requires it to classify its drivers as employees.

**COUNT I**
**Paid Sick Leave**
**Violation of Cal. Lab. Code § 246;**
**Los Angeles City Paid Sick Leave Ordinance;**
**San Francisco Paid Leave Ordinance (PSLO)**

37.    Lyft's conduct, as set forth above, in misclassifying its drivers as independent contractors, and failing to offer its drivers paid sick days as required by California law, violates Cal. Lab. Code §§ 246 and 2750.3 (as well the additional sick pay protections established by the Los Angeles City Paid Sick Leave Ordinance and the San Francisco Paid Leave Ordinance).

**COUNT II**
**Expense Reimbursement**
**Violation of Cal. Lab. Code § 2802**

38.    Lyft's conduct, as set forth above, in misclassifying Lyft drivers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code § 2802.  This claim is brought on behalf of a class of similarly situated individuals who have worked for Lyft in California.

8
FIRST AMENDED CLASS ACTION COMPLAINT

**COUNT III**
**Minimum Wage**
**Violation of Cal. Lab. Code §§ 1197 and 1194**

39.     Lyft's conduct, as set forth above, in failing to pay its employees minimum wage for all hours worked as required by California law, violates Cal. Lab. Code §§ 1197 and 1194. This claim is brought on behalf of a class of similarly situated individuals who worked for Lyft in California.

**COUNT IV**
**Unfair Business Practices**
**Violation of Cal. Bus. & Prof. Code § 17200, *et seq***

40.     Lyft's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL").  Lyft's conduct constitutes unlawful business acts or practices, in that Lyft has violated the California Labor Code §§ 246, 1194, 1197, 2802, and 2750.3 (as well the additional sick pay protections established by the Los Angeles City Paid Sick Leave Ordinance and the San Francisco Paid Leave Ordinance). As a result of Lyft's unlawful conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to the paid sick time that drivers were due, reimbursement for expenses, and minimum wages.  Pursuant to California Business and Professions Code § 17203, Plaintiffs and class members seek declaratory and injunctive relief for Defendant's unlawful conduct and to recover restitution.  Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members who worked for Lyft are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a.  Issue a public injunction requiring Lyft to comply with the California Labor Code by classifying its drivers as employees and providing them with the protections of the Labor Code, including in particular, reimbursing them for necessary business expenses, ensuring they are receiving at least minimum wage, and paying them for sick leave as required by California and municipal law;

b.  Declare and find that Lyft violated the Cal. Lab. Code §§ 246, 1194, 1197, 2802 and 2750.3 (as well the additional sick pay protections established by the Los Angeles City Paid Sick Leave Ordinance and the San Francisco Paid Leave Ordinance);

c.  Certify this case as a class action;

d.  Award compensatory damages in an amount according to proof;

e.  Award pre- and post-judgment interest;

f.  Award reasonable attorneys' fees, costs, and expenses;

g.  Any other relief to which Plaintiffs and the class may be entitled.

h.

Respectfully submitted,

JOHN ROGERS, AMIR EBADAT and HANY FARAG, on behalf of themselves and all others similarly situated,

By their attorneys,

  __/s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, SBN 310719
Anne Kramer, SBN 315131
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com, akramer@llrlaw.com

Dated:        March 25, 2020

10
FIRST AMENDED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was served by electronic filing on March 25, 2020, on all counsel of record.

                       /s/ Shannon Liss-Riordan
                       Shannon Liss-Riordan, Esq.

FIRST AMENDED CLASS ACTION COMPLAINT