UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROGERS,<br><br>    Plaintiff,<br><br>  v.<br><br>LYFT, INC.,<br><br>    Defendant. | Case No. 20-cv-01938-VC<br><br>**INSTRUCTIONS FOR ACCESSING VIDEOCONFERENCE HEARING** |

  Pursuant to the attached policy issued by the Judicial Council of the Ninth Circuit, tomorrow's hearing will take place at 10:00 a.m. by videoconference through the Zoom webinar function. Members of the public will be able to watch the hearing as "attendees" without being able to participate in any fashion.

  Because CourtCall generally requires members of the public to pay for the ability to listen to hearings by phone (and because the company is making only limited exceptions to that requirement at this time), using CourtCall during the current crisis raises concerns about whether the public is being given adequate access to the court proceeding. Use of the Court's AT&T teleconference line entails too great a risk of disruption, whether from the beeps associated with people getting on or off, or from people failing to mute their lines, or from people intentionally interfering with the hearing. Videoconferencing also provides higher-quality access to the court proceeding than mere teleconference. And it's far easier, in a videoconference compared to a teleconference, for the lawyers and the judge to avoid talking over one another.

  The instructions for watching the hearing are as follows on the next page:

Please click the link below to join the webinar:

https://zoom.us/j/409863038?pwd=YVc4UE9ITlV3aG9zSXdkQ091NVhjdz09

Password: 181065

Or iPhone one-tap:

US: +16699006833,,409863038#  or +19292056099,,409863038#

Or Telephone:

Dial(for higher quality, dial a number based on your current location):

US: +1 669 900 6833  or +1 929 205 6099  or +1 253 215 8782  or +1 301 715 8592  or +1 312 626 6799  or +1 346 248 7799

Webinar ID: 409 863 038

Password: 181065

International numbers available: https://zoom.us/u/aDCpfyLef

  Arguing counsel for the parties will separately receive invitations to join the videoconference as participants.

  **IT IS SO ORDERED.**

Dated: April 1, 2020

VINCE CHHABRIA
United States District Judge

Judicial Council of the Ninth Circuit
Policy Regarding Electronic Conduct of Court Proceedings
During the COVID-19 Virus Outbreak

The COVID-19 virus outbreak has compelled many courts to restrict physical access to courthouses and court services. Pursuant to its authority under 28 U.S.C. § 332(d)(1), the Judicial Council of the Ninth Circuit determines that there has been an immediate and emergency need for the courts within the Circuit to adopt General Orders and local rules immediately restricting public access to courthouses and court services consistent with 28 U.S.C. § 2071(e) and the Judicial Council confirms court authority to implement those General Orders and local rule changes.

The Ninth Circuit Judicial Council further recognizes the need to provide courts with flexibility in conducting court proceedings in district and bankruptcy courts through electronic means during this period to safeguard public health and safety, while providing public access to court proceedings traditionally open to the public. Therefore, pursuant to its authority under 28 U.S.C. § 332(d)(1), the Ninth Circuit Judicial Council, subject to the restrictions of Federal Rule of Criminal Procedure 53 and other applicable rules, authorizes the district and bankruptcy courts of the Ninth Circuit to conduct court proceedings–and provide public access to those proceedings when required–through electronic means, including audio, video, and/or the internet. Under this authority, courts may adopt their own General Orders or local rules governing such proceedings, provided that the General Orders or local rules do not conflict with applicable Federal rules of procedure or statute.

As with the public access restrictions already adopted by the courts, courts should, when required by 28 U.S.C. § 2071(e), provide for an appropriate public notice and comment period following the adoption of the General Orders or local rules by immediate need pursuant to 28 U.S.C. § 2071(e) and Federal Rule of Civil Procedure 83(a).

This policy does not supercede any prior authority to conduct proceedings electronically already granted to the courts, but is in addition to it, and shall remain in effect until the Council determines that the emergency authorization is no longer required.

Adopted: March 24, 2020

_____
Hon. Sidney R. Thomas, Chair